## RICE *v.* DALY *et al.*

*(Supreme Court, General Term, Third Department.* November 22, 1892.)

**1. FORECLOSURE OF MORTGAGE—EVIDENCE—PAYMENTS.**

In an action on a bond and mortgage, the existence and validity of which are denied, it is error to permit plaintiff to testify that payments had been made on the mortgage by a person not shown to have had any interest in the mortgaged premises at the times of payment.

**2. SAME—TRANSACTION WITH DECEDENT.**

In such case it is error to permit plaintiff to testify as to personal transactions with, or declarations by, a deceased mortgagee under whom plaintiff claims.

Appeal from circuit court, Ulster county.

Action by Peter Rice against Patrick Daly *et al.* to foreclose an alleged lost and unrecorded mortgage. Judgment for plaintiff. Defendants appeal. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*G. G. & J. B. Keeler,* (*A. T. Clearwater,* of counsel,) for appellants. *John R. De Vany,* (*J. Newton Fiero,* of counsel,) for respondent.

PER CURIAM. In this case we think some incompetent evidence was inadvertently received which may have influenced the result, and hence that a new trial should be granted. The defendants Patrick Daly, Thomas J. Daly, and Patrick Daly, Jr., only answered, and it was the issue made by their answers to the complaint, and the reply to one of said answers, that was tried. The action was upon a bond and mortgage, the existence and validity of which were disputed by defendants. The plaintiff, against the objection of defendants, was allowed to show that one William Daly had made payments on said mortgage after 1880. This evidence was important, and may have influenced the verdict. We are unable to see how the statements or the acts of William Daly could be held competent against the defendants. No fact was shown upon the trial rendering such evidence proper. It did not appear, when this evidence was given, what interest, if any, William Daly ever had in the mortgaged premises, except from the statements contained in the answers. But the answers alleged the death of William Daly, and that he conveyed to the defendants in 1876, prior to the transaction of the payment on the mortgage which the plaintiff was allowed to show. Afterwards the deed from William Daly to the defendants, executed in 1876, was read in evidence. Therefore, when the plaintiff was allowed to show the payment so made by William Daly, there was no evidence in the case showing such evidence proper against the defendants; and in fact, he being deceased, and having in 1876 conveyed his interest in the mortgaged premises to the defendants, the evidence so received was, we think, clearly incompetent.

It was also error to receive the testimony of plaintiff as to the transactions with and declarations of Norris, the deceased mortgagee. The facts so testified to by the plaintiff relate to a personal transaction between the witness and the deceased party against persons in occupation of the mortgaged premises, and who, presumably, (at that stage of the trial when this evidence was so received,) and in fact, derived their title or interest in said premises through or under the deceased party. The evidence so received cannot be deemed unimportant, and may have had weight with the jury. The judgment should be reversed, and a new trial granted, costs to abide the event.

---

## PEOPLE *ex rel.* GOODWIN *v.* VOORHIS *et al.,* Police Commissioners.

*(Supreme Court, General Term, First Department.* November 18, 1892.)

**POLICE OFFICER—RESIGNATION—REINSTATEMENT.**

Where a police officer petitions the board of police commissioners for reinstatement, alleging that he was induced to resign by fraud and coercion, and he is not